Brian E. DAVIS, Plaintiff-Appellant,

v.

CITY OF ELKHORN and Elkhorn Light &
Water Commission, Defendants-Respondents.

Court of Appeals

*No. 85–1952. Submitted on briefs May 21, 1986.—Decided
July 2, 1986.*

(Also reported in 393 N.W.2d 95.)

For the plaintiff-appellant, the cause was submitted on the briefs of *Brian E. Davis,* pro se, of Delavan, Wisconsin.

For the defendants-respondents, the cause was submitted on the briefs of *Leslie L. Johnson* of *Thorson, Davies & Johnson* of Elkhorn, Wisconsin.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Brian E. Davis appeals from an order dismissing his complaint. He poses two arguments. First, he claims that because the defendants were late in serving their answer they were in default and the trial court should have granted default judgment rather than proceeding to the merits of his complaint. Second, he observes that the trial court spoke only to the § 1983 claim for relief. He asserts that there were other claims in the complaint but the order dismissed the whole action. For the reasons stated below, we affirm as to the first issue but reverse and remand as to the second issue.

Davis owns an eight-unit apartment building in the city of Elkhorn. One of Davis' tenants owed a delinquent electric bill that was added to Davis' 1984 property tax statement. This was done pursuant to a 1981 ordinance authorizing the city to assess a tenant's delinquent utility bill against a landlord by placing the amount due on the landlord's real estate taxes. Davis paid and thereafter started suit against both the utility and the city.

His complaint, liberally construed, alleged that neither sec. 66.60(16)(a), Stats., nor sec. 66.069(1), Stats., allows a municipality to enact an ordinance compelling a landlord to pay a tenant's debt and, if they do, the state statutes violate the federal constitutional guarantee of due process. He further alleged that the ordinance itself is unconstitutional because it violates his right to jury trial, the just compensation clause, the uniform taxation clause and due process. Because of these alleged constitutional violations, he asked that the ordinance be declared void and unenforceable. He also sought punitive damages amounting to $200,000 for violating the Civil Rights Act, 42 USC § 1983 (1982).

It is undisputed that the city failed to serve an answer within twenty days, thus violating sec. 802.06(1), Stats. The city was therefore in default. It did serve its answer, albeit untimely, and with it served a motion to dismiss Davis' complaint for failure to state a claim for relief. Davis then applied for default judgment and the trial court heard both matters at the same time. After hearing arguments and taking the matter under advisement, the trial court wrote a decision characterizing the complaint as being grounded completely on § 1983. The trial court then reasoned that since there was an adequate state remedy available to challenge the constitutionality of the ordinance, a claim under § 1983 was unavailable. The trial court concluded that it had no jurisdiction to entertain the complaint and dismissed it. The trial court did not address the plaintiff's motion for default judgment. From this order the appeal is taken.

The trial court was correct in dismissing Davis' § 1983 claim for relief without first deciding whether there was excusable neglect for failure to timely serve the answer.

We are well aware of Davis' observation that the existence of a meritorious defense has no bearing on whether neglect is excusable and is insufficient by itself to entitle a defaulting party to relief from judgment. *Martin v. Griffin,* 117 Wis. 2d 438, 444, 344 N.W.2d 206, 210 (Ct. App. 1984).

In this case, however, the trial court did not reach the substantive merits of the defense. Rather, the court recognized that where an adequate state remedy exists, a § 1983 action is not viable. This reflects the current

state of the law. In *Enright v. Board of School Directors,* 118 Wis. 2d 236, 346 N.W.2d 771, *cert. denied,* — U.S.—, 83 L. Ed. 2d 301 (1984), our supreme court held that a § 1983 action can only be entertained in our state courts absent a state remedy. We therefore hold that the nonexistence of a state remedy must be alleged in a § 1983-type complaint.[1] The § 1983 portion of Davis' complaint is insufficient since it does not allege the absence of a state remedy. It therefore fails to state a proper claim for relief.

Having held that the § 1983 averment failed to state a valid claim for relief, we must now decide whether a defect of this type is fatal to a motion for a default judgment. We hold that it is. Just because a party fails to answer within a prescribed time does not automatically entitle the complainant to judgment absent excusable neglect. The complainant must make two preliminary showings. First, the moving party must show that the complaint was served and filed in the manner and within the time prescribed by statute. *See generally* sec. 806.02, Stats. Second, the complaint

---

[1] Davis cites four recent federal circuit court of appeals cases apparently in an attempt to show that we ought not follow *Enright.* The cases are: *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir. 1985), *cert. denied,* —U.S.—, 90 L. Ed. 2d 654, *cert. denied sub nom. Sampson v. Gilmere,* —U.S.—, 90 L. Ed. 2d 673 (1986); *Rutherford v. City of Berkeley,* 780 F.2d 1444 (9th Cir. 1986); *Williams v. City of St. Louis,* 783 F.2d 114 (8th Cir. 1986); and *Mann v. City of Tucson,* 782 F.2d 790 (9th Cir. 1986). These cases stand for the proposition that substantive due process claims, as opposed to procedural due process claims, are not subject to the restriction regarding the existence of state post-deprivation remedies. Because Davis' challenges all relate to procedural due process, however, the cases cited are inapplicable here.

must contain allegations sufficient in law to state a claim for relief against a defendant. *State v. Citizens' Insurance Co.,* 71 Wis. 411, 413, 37 N.W. 348, 349 (1888). *See also Phillips v. Portage Transit Co.,* 137 Wis. 189, 118 N.W. 539 (1908).

We acknowledge that these cases are aged, but they merit regeneration. The fact that a party may be in default cannot confer a right to judgment upon a claim not recognized by law. We sustain the dismissal of the § 1983 suit on the ground that the complaint failed to state a proper claim for relief even though the trial court did not decide Davis' motion for default judgment beforehand.

As to Davis' second contention, that the trial court dismissed too much of the complaint, we observe that the trial court characterized the complaint as a § 1983 action only and therefore dismissed the whole complaint. We, like the trial court, must read the complaint liberally. *Lichter v. Fritsch,* 77 Wis. 2d 178, 187, 252 N.W.2d 360, 364–65 (1977).

Davis listed several averments independent of his § 1983 claim. He alleged that the Wisconsin statutes do not authorize the city to enact the kind of ordinance that concerns this case. He further alleged that if secs. 66.60(16)(a) and 66.069(1), Stats., do authorize the promulgation of the ordinance, then the statutes themselves violate due process. He also attacked the constitutionality of the ordinance as violating his right to jury trial, the just compensation clause, the uniform taxation clause and due process. In his prayer for relief, although he asked for punitive damages, presumably under § 1983, he also asked that the ordinance be

declared void and unenforceable. He further asked that the court enjoin the defendant from enforcing the ordinance and that, if need be, the Wisconsin statutes in question be found unconstitutional. Thus, Davis was seeking declaratory relief. The record reflects that he served the attorney general, which is required when seeking declaratory relief on grounds that a statute is unconstitutional. Section 806.04(11), Stats.

We conclude that there is more to Davis' complaint than a § 1983 action, and the court erred in dismissing the whole complaint on the same basis as the § 1983 claim.

We reverse and remand the non-§ 1983 portion of the complaint to the trial court with directions that it consider the merits of the other issues raised.

■

It is not necessary for the trial court to address the city and utility's neglect in serving the answer within twenty days or whether the neglect was excusable. It is proper and commendable for a court to require proof on the merits in a default situation if it doubts the justice of the case after reading the complaint. *Sibley v. Weinberg,* 116 Wis. 1, 92 N.W. 427 (1902). Where a complaint merely alleges that a statute or ordinance is unconstitutional, it may fairly be said that doubts of justice remain. This is because statutes are presumed constitutional; the challenger must prove the unconstitutionality of a statute beyond a reasonable doubt. *Quinn v. Town of Dodgeville,* 122 Wis. 2d 570, 577, 364 N.W.2d 149, 154 (1985). This is true of ordinances as well. *Village of Menomonee Falls v. Michelson,* 104 Wis. 2d 137, 143–44, 311 N.W.2d 658, 661–62 (Ct. App. 1981). Therefore, it is necessary that a trial court be

independently satisfied as to the merits of the constitutional challenge, even absent excusable neglect.

In reversing the non-§ 1983 allegations, the trial court's attention is directed to *Laskaris v. City of Wisconsin Dells, Inc.,* 131 Wis. 2d 525, 389 N.W.2d 67 (Ct. App. 1986). That case may resolve some, although not all, of Davis' remaining claims.

No costs to either party.

*By the Court.*—Order affirmed in part; reversed in part, and cause remanded with directions.