James R. WAGNER, Plaintiff-Appellant,

v.

WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY and
City of Eau Claire, Defendants-Respondents.†

Court of Appeals

*No. 99–0501. Submitted on briefs August 30 , 1999.—Decided
September 28, 1999.*

(Also reported in 601 N.W.2d 856.)

†Petition to review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Garvey* of *Garvey, Anderson, Johnson, Gabler & Geraci, S.C.* of Eau Claire.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Richard D. Duplessie* of *Weld, Riley, Prenn & Ricci, S.C.* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

CANE, C.J.   James Wagner appeals from a summary judgment granted in favor of Wisconsin Municipal Mutual Insurance Company and the City of Eau Claire (collectively "City"). Wagner argues that the circuit court erred by applying the "open and obvious danger" doctrine to the facts of this case and thereby concluding that Wagner's negligence exceeded

the City's negligence as a matter of law. Because the facts of this case reveal no public policy justifying a direct abrogation of Wisconsin's comparative negligence principles, the open and obvious danger doctrine does not apply to this ordinary negligence case. We therefore reverse the summary judgment and remand to the circuit court for further proceedings consistent with this opinion.

## BACKGROUND

Wagner alleges that on March 11, 1997, he slipped and fell on ice and snow that had accumulated on a public sidewalk in front of the building located at 774 First Avenue, in the City of Eau Claire. At the time of his fall, Wagner, an employee of the Salvation Army, was moving various boxes out of the 774 building and loading them onto his truck. His supervisor had instructed him to remove all boxes from the building and, although he was not given a specific deadline for the job, he understood its priority to be "the sooner the better."

Wagner would typically load the truck from the rear of the building; however, on March 11 he decided to load from the front of the building because the alley behind the building was blocked by trucks. Wagner recognized that the sidewalk in front of the building was slippery and believed the snow and ice to be a hazard. Nevertheless, he made three or four trips between the building and his truck, each time using a hand cart to not only transport stacked boxes, but to stabilize his path from the building to the truck. After these trips with the hand cart, one open box of canned goods, weighing an estimated fifty to seventy pounds, remained in the building. Wagner, believing the box to be too awkward to transport using the hand cart,

attempted to load the box by carrying it on his left shoulder. As he stepped onto the slippery area of the sidewalk, Wagner slipped and fell, allegedly sustaining injuries.

The City moved for summary judgment on Wagner's complaint, arguing that Wagner had confronted an open and obvious danger and was therefore more negligent than the City as a matter of law. The circuit court, in its discussion of the open and obvious danger doctrine, found that "[a]lthough the 'open and obvious danger' cases involve activities less benign than a pile of accumulated snow, there is no reason why the doctrine would have to be limited to more dangerous situations." Finding the open and obvious danger doctrine applicable to Wagner's case, the circuit court determined that Wagner's negligence exceeded that of the City's, as a matter of law, and further noted that "[t]o hold otherwise would essentially impose a zero tolerance on municipalities for snow and ice buildup, which is unrealistic for cities in Wisconsin." This appeal followed.

## ANALYSIS

Whether summary judgment was appropriately granted presents a question of law that we review independently of the circuit court. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593, 597 (Ct. App. 1991). When reviewing summary judgments, we utilize the same analysis as the circuit court and must apply the standards set forth in § 802.08(2), STATS. *See Schultz v. Industrial Coils*, 125 Wis. 2d 520, 521, 373 N.W.2d 74, 74–75 (Ct. App. 1985). In general, "summary judgment is proper where there are no genuine issues of material fact and the moving party is

entitled to judgment as a matter of law." *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 224, 522 N.W.2d 261, 263 ( Ct. App. 1994).

The issue here is whether the circuit court erred by applying the open and obvious danger doctrine to these facts and thereby concluding that Wagner's negligence exceeded the City's negligence as a matter of law. Generally, whether a condition constitutes an open and obvious danger is a question of fact. *See Griebler v. Doughboy Recreational*, 160 Wis. 2d 547, 559, 466 N.W.2d 897, 902 (1991). We have recognized that "the instances in which a court may rule that, as a matter of law, the plaintiff's negligence exceeds that of defendant are extremely rare." *Hansen v. New Holland North America*, 215 Wis. 2d 655, 669, 574 N.W.2d 250, 255 (Ct. App. 1997). Furthermore, "[s]ummary judgment should only be used in the exceptional case where it is clear and uncontroverted that one party is substantially more negligent than the other and that no reasonable jury could reach a conclusion to the contrary."[1] *Id.*

---

[1] The following are examples of "exceptional cases" where it is clear that one party is substantially more negligent than the other and that no reasonable jury could reach a conclusion to the contrary: (1) diving cases wherein a plaintiff is injured after diving head-first into opaque water or water of unknown depth, *see, e.g., Griebler v. Doughboy Recreational*, 160 Wis. 2d 547, 466 N.W.2d 897 (1991); *Wisnicky v. Fox Hills Inn & Country Club*, 163 Wis. 2d 1023, 473 N.W.2d 523 (Ct. App. 1991); and (2) a case in which plaintiff is injured after deliberately thwarting elevator safety mechanisms in an effort to force the elevator to rapidly descend. *See Johnson v. Grzadzielewski*, 159 Wis. 2d 601, 465 N.W.2d 503 (Ct. App. 1990).

■ Within the context of comparative negligence principles, the application of the open and obvious danger doctrine is tantamount to a determination that the plaintiff's negligence exceeds the defendant's negligence as a matter of law. *See Hertelendy v. Agway Ins. Co.*, 177 Wis. 2d 329, 338, 501 N.W.2d 903, 907 (Ct. App. 1993). Because Wisconsin is a comparative negligence state, *see* § 895.045, STATS., application of the open and obvious danger doctrine "should be *limited to cases where a strong public policy exists* to justify such a direct abrogation of comparative negligence principles."[2] *Id.* at 339, 501 N.W.2d at 908 (emphasis added). "It should not be used to resolve liability issues in ordinary negligence cases, even where the plaintiff

---

[2] The following cases have incorporated various terms that may be useful analytical tools for characterizing incidents subject to applicability of the open and obvious danger doctrine. In *Johnson*, this court noted that Johnson's attempts to "express" the elevator were "a *dangerous and intentional misuse* of an elevator." *Id.* at 608, 465 N.W.2d at 506 (emphasis added). We further held that "because elevators are dangerous if used in the wrong way, we conclude that as a matter of public policy we cannot minimize the negligence of a person who deliberately thwarts safety mechanisms on an elevator, thereby endangering the safety of all riders." *Id.* at 605–06, 465 N.W.2d at 504.

In *In re Estate of Schilling v. Blount, Inc.*, 152 Wis. 2d 608, 449 N.W.2d 56 (Ct. App. 1989), a bullet manufacturer was sued by the estate of a teenager who had been shot in the head by a cocked pistol, placed on a cabinet. This court, affirming the trial court's grant of summary judgment in favor of the bullet manufacturer, held that the open and obvious danger doctrine applied because "[a] pistol which is loaded with bullets and subsequently cocked gives rise to an *inherent danger*" known to the average consumer. *Id.* at 617, 449 N.W.2d at 59 (emphasis added).

engaged in conduct that would be clearly negligent or could reasonably be foreseen as subjecting a party to a high risk of injury."[3] *Id.* Rather, "[i]n the ordinary negligence case, if an open and obvious danger is confronted by the plaintiff, it is merely an element to be considered by the jury in apportioning negligence and will not operate to completely bar the plaintiff's recovery."[4] *Rockweit v. Senecal*, 197 Wis. 2d 409, 423, 541 N.W.2d 742, 748–49 (1995).

The City, relying on *Rockweit*, argues that public policy requires the application of the open and obvious danger doctrine to these facts. In *Rockweit*, our supreme court, relying on public policy for its refusal to impose liability, concluded that the imposition of liability to the facts before it "would unnecessarily allow the law of negligence to enter a field that has no sensible or just stopping point." *Id.* at 428, 541 N.W.2d at 751. In *Rockweit*, a child was injured after falling into a fire pit, wherein hot embers from a campfire still smoldered. The defendant, a guest at the campfire the night before, was one of three adults that departed the campfire site without extinguishing the embers. The *Rockweit* court held that although the defendant owed

---

[3] Our supreme court, in *State v. Bodoh*, 226 Wis. 2d 718, 732, 595 N.W.2d 330, 337 (1999), defined ordinary negligence as follows:

> A person is negligent when he fails to exercise ordinary care. Ordinary care is the degree of care which the great mass of mankind ordinarily exercises under the same or similar circumstances. A person fails to exercise ordinary care when, without intending to do any harm, he does an act or omits a precaution under circumstances in which a person of ordinary intelligence and prudence ought reasonably to foresee that such act or omission will subject the person of another to an unreasonable risk of injury.

[4] We are addressing the "open and obvious danger" doctrine only as it applies to cases involving ordinary negligence.

a duty of ordinary care to the injured child, the "imposition of liability . . . under the given facts, would place an unreasonable burden upon a guest in [defendant's] position," *id.* at 427, 541 N.W.2d at 750, because it would "require a guest to remedy any allegedly unsafe condition over which he or she has exercised no control, and did not create, or risk being saddled with unforeseen financial responsibility." *Id.* In its discussion of public policy, the *Rockweit* court, quoting its decision in *Colla v. Mandella*, 1 Wis. 2d 594, 85 N.W.2d 345 (1957), provided a number of factors to consider when determining whether to limit liability on public policy grounds:

> It is recognized by this and other courts that even where the chain of causation is complete and direct, recovery against the negligent tort-feasor may sometimes be denied on grounds of public policy because the injury is too remote from the negligence or too wholly out of proportion to the culpability of the negligent tort-feasor, or in retrospect it appears too highly extraordinary that the negligence should have brought about the harm, or because allowance of recovery would place too unreasonable a burden upon users of the highway, or be too likely to open the way to fraudulent claims, or would enter a field that has no sensible or just stopping point.

*Rockweit*, 197 Wis. 2d at 426, 541 N.W.2d at 750 (quoting *Colla*, 1 Wis. 2d at 598–99, 85 N.W.2d at 348).

The City suggests that we apply the *Rockweit* rationale and conclude that "to require all municipalities to remove *all* ice and snow on *every* area of sidewalk . . . would pose too unreasonable and unrealistic a burden upon municipalities." (Emphasis in original.) However, our legislature has spoken to this issue by enactment of § 81.15, STATS., which allows

recovery for damages sustained by reason of an accumulation of snow or ice that has existed for three weeks.[5] The circuit court, in fact, recognized that "it is likewise true the snow and ice involved in this case probably had been present for more than three weeks." The City cannot assert public policy as a basis for application of the open and obvious danger doctrine to this ordinary negligence case where the public policy asserted effectively contradicts that which has been pronounced by the legislature in § 81.15.

■

Because no strong public policy exists here to justify the direct abrogation of comparative negligence principles, the apportionment of negligence should have been left to a jury. *See Hansen*, 215 Wis. 2d at 667, 574 N.W.2d at 255. Where a plaintiff, such as Wagner, arguably confronts an open and obvious danger, it is merely an element to be considered by the jury in apportioning negligence and will not operate to completely bar the plaintiff's recovery. We therefore reverse the circuit court's granting of summary judgment in favor of the City and remand for further proceedings consistent with this opinion.

---

[5] Section 81.15, STATS., provides, in part:

> If damages happen to any person . . . by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village. . . . No action may be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any . . . highway, unless the accumulation existed for 3 weeks.

The term "highway" as used in § 81.15, STATS., includes sidewalks. *See Damaschke v. City of Racine*, 150 Wis. 2d 279, 283, 441 N.W.2d 332, 334 (Ct. App. 1989).

*By the Court.*—Judgment reversed and cause remanded.