David PLISS and Lorene Phelps, Plaintiffs-Respondents,

v.

PEPPERTREE RESORT VILLAS, INC. and Peppertree Resorts, Ltd., Defendants-Appellants,

Patti STEVENS, Defendant,

James WILEY, Defendant-Appellant.

Court of Appeals

*No. 02–1808. Submitted on briefs March 4, 2003.—Decided April 22, 2003.*

2003 WI App 102

(Also reported in 663 N.W.2d 851.)

738

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Ian A. J. Pitz*, of *Michael Best & Friedrich LLP*, of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *De Vonna Joy* of *Consumer Justice Law Center*, of Big Bend, *Mary Catherine Fons* of *Fons Law Office*, of Stoughton, and *Judy Tomczak* of *Tomczak Law Office, LLC*, of Madison.

An amicus curiae brief in support of the plaintiffs-respondents was filed by *Stephen E. Meili* and *Marsha Mansfield* of Madison, for Center for Publication Representation, Inc., Consumer Law Litigation Clinic.

An amicus curiae brief was filed by *James E. Doyle,* attorney general, and *David J. Gilles,* assistant attorney general, of Madison, for the Department of Justice.

An amicus curiae brief was filed by *Jeffery R. Myer,* for Legal Action of Wisconsin, Inc.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

¶ 1. CURLEY, J. Peppertree Resort Villas, Inc., Peppertree Resorts, Ltd., and James Wiley, a Peppertree employee (collectively, Peppertree), appeal from the trial court's judgment granting default judgment to David Pliss and Lorene Phelps and awarding them double damages pursuant to WIS. ADMIN. CODE ch. ATCP 121 (1968) and WIS. STAT. § 100.20(5) (2001–02), in this suit stemming from Pliss and Phelps' purchase of a time share.[1] Peppertree contends: (1) because the complaint did not contain sufficient allegations to establish a violation of ch. ATCP 121 prohibiting a referral selling plan, the trial court improperly awarded double damages; and (2) because the trial court granted a rescission of the timeshare contract, no "sale" resulted as required for a cause of action under ch. ATCP 121. We affirm.

## I. BACKGROUND.

¶ 2. Peppertree Resort Villas, Inc. sells time-share estates in condominiums in Sauk County near the Wisconsin Dells, and Peppertree Resorts, Ltd. manages and operates the resort properties. In the spring of 1995, Pliss and Phelps received a telephone solicitation from Peppertree inviting them to visit its resort. Peppertree told them that they would receive a free weekend at the resort if they would attend a ninety-minute sales presentation. They agreed and visited Peppertree on May 20, 1995.

---

[1] All references to the Wisconsin Administrative Code are to the 1968 version unless otherwise noted. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 3. During their visit, Pliss and Phelps attended the sales presentation as agreed. During this presentation, the Peppertree sales representative, Patti Stevens, used a referral selling plan in an attempt to induce Pliss and Phelps to buy a time-share interest in Peppertree. Stevens informed them that they could receive either a $50 check, a reduction of their maintenance fees, or a bonus week, for each person referred to Peppertree. However, in order to obtain the benefit, the referred individual was required to attend the same presentation Pliss and Phelps attended at the resort.

¶ 4. As a result of the presentation and incentives, Pliss and Phelps purchased a time-share for $6,823.84. The two claimed that James Wiley, another Peppertree employee, rushed them through the document signing process without reviewing or explaining the documents.

¶ 5. On May 17, 2001, Pliss and Phelps sued Peppertree, Stevens and Wiley, alleging one count of intentional misrepresentation, seven counts of violations of the time-share ownership statute, WIS. STAT. ch. 707, and one count of violating WIS. ADMIN. CODE ch. ATCP 121, which prohibits certain referral selling plans. Pliss and Phelps sought various remedies, including double damages pursuant to WIS. STAT. § 100.20(5).

¶ 6. Peppertree was properly served with copies of the summons and complaint, but failed to answer within forty-five days. After concluding that the delay was not the result of excusable neglect, the trial court granted Pliss and Phelps' default judgment with respect to all counts, and the trial court held a hearing on damages on March 28, 2002. Despite Peppertree's objection to the award of double damages, the trial court

entered judgment for double damages, costs and attorney's fees of $28,311.13 against Peppertree, and $21,487.29 against Wiley.

## II. ANALYSIS.

¶ 7. The trial court's entry of a default judgment is not in dispute. Peppertree was required to file an answer within forty-five days of service of the complaint. *See* WIS. STAT. § 802.06(1). Because it failed to meet that deadline, the trial court properly granted a default judgment. *See* WIS. STAT. § 806.02. Peppertree does, however, challenge that part of the trial court's default judgment on the plaintiffs' WIS. ADMIN. CODE ch. ATCP 121 claim awarding double damages pursuant to WIS. STAT. § 100.20(5).[2]

¶ 8. We review any part of a trial court's decision regarding default judgment subject to the erroneous exercise of discretion standard. *See Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 11, 386 N.W.2d 53 (1986). We will affirm the trial court's ruling if it considered the pertinent facts, applied the correct law, and reached a reasonable conclusion. *See id.* at 11–12.

¶ 9. In unfair trade practices or unfair competition actions, the plaintiff has the burden of establishing a statutory violation to a reasonable certainty by clear, satisfactory and convincing evidence. *See State v. Fonk's Mobile Home Park and Sales, Inc.*, 133 Wis. 2d 287, 301,

---

[2] Peppertree does not appeal that part of the judgment granting default judgment on the WIS. STAT. ch. 707 claims or the intentional misrepresentation claim.

· 742

395 N.W.2d 786 (Ct. App. 1986). In such cases, we first turn to the administrative regulation for guidance. *See Jackson v. DeWitt*, 224 Wis. 2d 877, 887, 592 N.W.2d 262 (Ct. App. 1999).

> The interpretation of a regulation is a question of law that we review de novo. We are to give effect to the intent of the regulation. In determining the intent, we look first to the plain meaning of the regulation. If it clearly and unambiguously sets forth the intent, it is our duty to merely apply that intent to the facts and circumstances of the question presented.

*Id.* (citations omitted).

¶ 10. Therefore, with respect to Pliss and Phelps' claims, we must first examine Wis. Admin. Code ch. ATCP 121 in conjunction with Wis. Stat. § 100.20(5). Then we must compare this language to the complaint:

## Chapter ATCP 121

## REFERRAL SELLING PLANS

. . . . A person who suffers a monetary loss because of a violation of this chapter may sue the violator directly under s. 100.20 (5), Stats., and may recover twice the amount of the loss, together with costs and reasonable attorneys' fees.

**ATCP 121.01 Definitions. (1)** "Compensation" means anything of value, including commissions, fees, money, credits, discounts, rebates, premiums, goods, or any other kind of property and services.

**(2)** "Consumer sale" means a sale or lease of goods, services, or an interest in land primarily for personal, family, or household use.

**(3)** "Referral selling plan" means any method of sale where the seller or lessor, *as an inducement* for a consumer sale, *offers* compensation to a prospective

buyer or lessee either for a) names of other prospective buyers or lessees, or b) otherwise aiding the seller or lessor in making consumer sales.

**(4)** "Seller" or "lessor" means individuals, corporations, partnerships, or any other organization . . . .

**ATCP 121.02 Prohibition.**[3] No seller or lessor shall use any referral selling plan unless the compensation is given or paid prior to the sale.

(Emphasis and footnote added.)

¶ 11. WISCONSIN STAT. § 100.20 states:

**100.20 Methods of competition and trade practices.**

. . . .

**(5)** Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction *and shall recover twice the amount of such pecuniary loss,* together with costs, including a reasonable attorney's fee.

(Emphasis added.)

¶ 12. Therefore, in the instant case, in order to recover double damages under WIS. ADMIN. CODE ch. ATCP 121 and WIS. STAT. § 100.20(5), Pliss and Phelps were required to allege: (1) that Peppertree used a method of sale wherein, *as an inducement* for Pliss and Phelps to purchase a time share, it *offered* compensa-

---

[3] WISCONSIN ADMIN. CODE § ATCP 121.02 was amended in September 2001, effective October 1, 2001, to read:

**ATCP 121.02 Prohibition.** No seller or lessor may use any referral selling plan to make a consumer sale unless the seller or lessor first gives the buyer or lessee the full amount of potential compensation offered to that buyer or lessee under that plan.

tion for either names of other prospective buyers or for other aid in making subsequent consumer sales, *see* § ATCP 121.01(3); (2) that Pliss and Phelps did not receive the promised compensation before the sale was completed, *see* § ATCP 121.02; and (3) that Pliss and Phelps suffered a pecuniary loss because of the referral selling plan, *see* WIS. STAT. § 100.20(5).

¶ 13. If a default judgment is entered, a trial court may not grant relief beyond that demanded in the complaint. *Klaus v. Vander Heyden*, 106 Wis. 2d 353, 359, 316 N.W.2d 664 (1982). In *Davis v. City of Elkhorn*, 132 Wis. 2d 394, 393 N.W.2d 95 (Ct. App. 1986), we stated:

> Just because a party fails to answer within a prescribed time does not automatically entitle the complainant to judgment absent excusable neglect. The complainant must make two preliminary showings. First, the moving party must show that the complaint was served and filed in the manner and within the time prescribed by statute. *See generally* sec. 806.02, Stats. *Second, the complaint must contain allegations sufficient in law to state a claim for relief against a defendant.*

*Id.* at 398–99 (emphasis added).

¶ 14. Based on our holding in *Davis*, Peppertree contends that the complaint did not allege sufficient facts to establish a claim for double damages under WIS. ADMIN. CODE ch. ATCP 121. We disagree and conclude that the trial court properly exercised its discretion, because the complaint supported a *prima facie* claim of a violation of WIS. ADMIN. CODE ch. ATCP 121.

745

¶ 15. The complaint states, in relevant part:

### *FACTS*

. . . .

19. Defendant Stevens utilized a referral scheme as an incentive to induce Plaintiffs to purchase the time-share interest before Pliss and Phelps agreed to enter into a purchase. Defendant Stevens solicited from Plaintiffs the names of friends or relatives by promising to pay Plaintiffs the sum of fifty dollars ($50.00) for each referral that subsequently attended a Peppertree presentation. Defendant Stevens explained the "Pass-key Program" where Plaintiffs could receive $50 by check or reduction of the maintenance fee or a bonus week through referrals.

. . . .

21. Plaintiffs, in reliance upon the representations made by Peppertree and by their agents or employees, and based upon the incentives offered only if they purchased a time-share on the day of the sales presen-tation, coupled with high pressure sales tactics utilized by Defendants' agents or employees, agreed to purchase a time-share interest in Peppertree.

. . . .

## SIXTH CAUSE OF ACTION

## VIOLATION OF WISCONSIN ADMIN. CODE CH. ATCP 121

## REFERRAL TRANSACTION PROHIBITED

58. The allegations set forth in all the paragraphs above are incorporated by reference herein as if set forth in their entirety.

746

59. The referral-selling program described above violates Wis. Admin. Code Ch. ATCP 121.

60. As a result of Defendants' violation of Ch. ATCP 121, Plaintiffs are entitled to recover double their pecuniary loss as well as costs and reasonable attorney fees pursuant to Wis. Stats. § 100.20(5).

¶ 16. First, Peppertree argues that because: (a) Pliss and Phelps did not allege that they provided Peppertree with the names of any friends or relatives; and (b) Pliss and Phelps did not allege that they were due any compensation under the referral selling plan, either at the time of the sale or subsequently, they failed to satisfy WIS. ADMIN. CODE ch. ATCP 121.

¶ 17. However, WIS. ADMIN. CODE ch. ATCP 121 is silent as to whether, in order to establish a violation of § ATCP 121.02, consumers must allege that they actually provided names of referrals or that the consumers were actually due any consideration. We conclude that this silence renders the regulation ambiguous. *Cf. Baierl v. McTaggert*, 2001 WI 107, ¶ 24, 245 Wis. 2d 632, 629 N.W.2d 277. Accordingly, we turn to the subject matter, history, and object of the regulation to further ascertain its intent. *See id.*

¶ 18. As previously noted, WIS. ADMIN. CODE § ATCP 121.02 was amended in September 2001. Although the amended language is inapplicable to the current dispute, during the amendment process, the Department of Agriculture, Trade and Consumer Protection issued an order clarifying the purpose of § ATCP 121.02:

A referral selling plan operates like a pyramid scheme or lottery. Each buyer purchases in reliance upon promised future payments that *may* result if the buyer

747

refers other sales prospects who purchase in turn. But the payments may never occur, and the "chain" of prospects inevitably breaks. In 1968, the department prohibited referral selling plans unless the seller compensates the buyer *before* making any sale to *that* buyer (thus eliminating the element of "Chance"). This rule clarifies but does not change the current prohibition.

Wisconsin Admin. Reg. No. 543, at 17 (emphasis in original.)

¶ 19. Thus, for a referral selling plan to withstand Wis. Admin. Code §§ ATCP 121.01 and 121.02, any contingences on the benefit conferred must be eliminated – thus, eliminating any element of chance. Conversely, a *prima facie* violation of §§ ATCP 121.01 and 121.02 is established where a seller or lessor *offers* the benefits of a referral selling plan *as an inducement* to complete a sale *where the benefits of the referral selling plan, by its very nature, may not be conferred prior to completion of the sale.* Therefore, Pliss and Phelps were not required to establish that they provided names or were due any compensation at the time of the consumer sale. Rather, because they alleged that Peppertree induced the sale through the use of a referral selling plan that promised future benefits that may or may not have come to fruition, they satisfied §§ ATCP 121.01 and 121.02.[4]

¶ 20. Second, Peppertree claims that Pliss and Phelps did not allege that they suffered any pecuniary

---

[4] This does not amount to a complete ban on referral selling plans, as suggested by Peppertree. Referral selling plans may be used if the compensation benefits are conferred *prior to* completion of the consumer transaction. The referral selling plans prohibited are those that induce a sale through the promise of *future benefits, i.e.,* post-sale benefits.

loss as required by Wis. Stat. § 100.20(5). Specifically, Peppertree alleges that because "the purpose of the prohibition is to protect referring buyers from losing out on referral payments . . . [t]he 'monetary loss' that would trigger the private cause of action, therefore, is the difference between the referral compensation earned and the referral compensation paid." Thus, Peppertree concludes that because Pliss and Phelps failed to allege that they earned any referral compensation, their claim for double damages is not cognizable under § 100.20(5).

¶ 21. Peppertree's argument on this point is a red herring. The purpose of the prohibition against referral selling plans in Wis. Admin. Code ch. ATCP 121 is not "to protect referring buyers from losing out on referral payments." Rather, the prohibition is designed to protect buyers from being induced into a consumer sale by a referral selling plan by promising future payments that may never occur. Therefore, the pecuniary loss is not any lost referral compensation, but rather, the money paid for the product that the consumer was improperly induced into buying due, in part or in whole, to the referral selling plan. Accordingly, since the uncontradicted complaint alleged that they were induced into buying a time share because of the referral selling plan, the trial court properly ruled that Pliss and Phelps suffered a loss in the amount they actually paid for the time-share.

¶ 22. Third, and finally, Peppertree contends that the trial court's rescission of the time-share contract pursuant to Wis. Stat. § 707.57 defeated Pliss and Phelps' other claims because the rescission negated any "sale," which is required for a claim under Wis. Admin.

CODE ch. ATCP 121. We disagree. Peppertree's argument flies in the face of the explicit language of § 707.57, which states in relevant part:

> **707.57 Remedies and penalties. (1)** PRIVATE REMEDIES. (a) If a developer or any other person subject to this chapter fails to comply with this chapter or the time-share instrument, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief, *including but not limited to damages, injunctive or declaratory relief, specific performance **and** rescission.*

(Emphasis added.) Under WIS. STAT. § 707.57, the remedy of rescission is available in addition to other remedies. Thus, the trial court properly awarded appropriate relief including both damages and rescission.

¶ 23. Based on the foregoing reasons, the trial court is affirmed.

*By the Court.*—Judgment affirmed.