KNUTH, Appellant, vs. VOGELS and others, Respondents.

*November. 5—December 1, 1953.*

342

For the appellant there were briefs by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan.*

For the respondents there was a brief by *Berk & Jarstad* of Green Bay, and oral argument by *Gordon K. Jarstad.*

CURRIE, J.    The issues on this appeal are:

(1) Whether the evidence sustains the trial court's finding that the defendants Vogels and their predecessors in title acquired an easement by prescription for driveway purposes across the narrow strip of plaintiff's land on which the south portion of the concrete driveway is located through more than twenty years adverse user.

(2) Whether the replacing of the cinder driveway with the concrete driveway imposed an additional burden upon plaintiff's land.

(3) Whether the plaintiff is barred by estoppel from recovering that portion of her premises upon which the garage of the defendants Vogels encroaches; and, if so, whether she is entitled to damages.

There is no dispute but what the cinder driveway was used by the defendants Vogels and their predecessors in title for more than twenty years.  However, the testimony is in sharp dispute as to whether the south edge of the concrete driveway, which replaced the cinder driveway in 1950, extends farther to the south than the south edge of the cinder driveway.  Robert Vander Wegen, the contractor who laid the

concrete driveway, testified that the south edge of the new concrete driveway is somewhat to the north of the cinders forming the south boundary line of the old cinder driveway. Other witnesses testified both ways as to whether the concrete driveway does, or does not, extend farther to the south than the former cinder driveway. The new concrete driveway is wider than the old cinder driveway because it extends farther to the north to take the place of a sidewalk which formerly existed parallel to the north edge of the cinder driveway.

The photographs (Exhibits 4 and 5) relied upon by plaintiff are not at all conclusive on the issue as to the south boundary line of the old cinder driveway. They only show the west few feet of the cinder driveway leading into Vogels' garage and that not very distinctly. There is ample credible evidence to sustain the trial court's finding that the concrete driveway did not encroach any farther upon plaintiff's premises than the prior-existing cinder driveway.

An owner of an easement of way has the right to make reasonable improvements or repairs thereto so long as he does not increase the burden on the servient estate. 17 Am. Jur, Easements, p. 1005, sec. 111, and annotation in 112 A. L. R. 1303. We do not consider that replacing the cinder driveway with a concrete driveway increased the burden of the easement upon plaintiff's servient estate.

As the garage was not moved to its present location so as to encroach on plaintiff's premises until 1941, or less than ten years prior to the commencement of this action, there has not been adverse possession for the twenty-year period required under the provisions of sec. 330.08, Stats., in order to bar plaintiff's action on that ground. However, plaintiff seeks a mandatory injunction to compel the removal of the garage from her premises. The trial court invoked the principle of equitable estoppel against plaintiff as his reason for denying her such mandatory injunction. Such estoppel was

based upon her acts in sitting by and letting Drum move the garage and lay the new concrete floor therefor after consulting with plaintiff's brother who was the apparent owner of plaintiff's premises, and then making no protest until approximately nine years later. Drum's act in placing the garage so that it encroached upon plaintiff's premises was due to innocent mistake on his part as to the true boundary line, he believing the garage was located entirely on his own premises.

There is a recent extensive annotation on the subject, "Mandatory injunction to compel removal of encroachments by adjoining landowner" in 28 A. L. R. (2d) 679, and earlier annotations on the same subject appear in 14 A. L. R. 831, 31 A. L. R. 1302, and 96 A. L. R. 1287. Numerous cases are cited wherein courts have denied such mandatory injunction on the same theory of equitable estoppel invoked by the trial court in the instant case. However, although the courts have often denied such a mandatory injunction upon the theory of equitable estoppel, or of balancing equities, they have usually held that the plaintiff's remedy was one for damages. See *Golden Press, Inc., v. Rylands* (1951), 124 Colo. 122, 235 Pac. (2d) 592, 28 A. L. R. (2d) 672; *Nebel v. Guyer* (1950), 99 Cal. App. (2d) 30, 221 Pac. (2d) 337; and *Mary Jane Stevens Co. v. First Nat. Bldg. Co.* (1936), 89 Utah, 456, 57 Pac. (2d) 1099.

Therefore, while it was not an abuse of discretion for the trial court to have denied the requested mandatory injunction to compel the removal of that portion of the defendants Vogels' garage which encroached upon plaintiff's premises, the court should not have dismissed the action entirely but should have retained jurisdiction to determine the damages to which plaintiff is relegated in lieu of the mandatory injunction.

We believe that this is a proper case for the court to invoke its equity powers to work out an equitable solution that will end this unfortunate boundary-line controversy between

two neighbors. The cause of action in plaintiff's complaint relating to the encroachment of the garage will be remanded to the trial court for the following further proceedings:

(1) The trial court will require the plaintiff to elect in writing whether she is willing to convey the strip of her land upon which the garage encroaches upon being paid the fair market value of such strip, together with damages for the use of such strip from the time the defendants Vogels acquired title to their premises.

(2) In the event plaintiff elects to accept the option of parting with title to said strip the trial court shall ascertain the correct legal description of the said land upon which the garage, including the south eaves thereof, encroaches upon plaintiff's premises and shall fix and determine the fair market value thereof, together with the amount of damages plaintiff shall have sustained as a result of said encroachment from the time the defendants Vogels acquired title to their premises to the date of such determination. An interlocutory judgment shall then be entered granting defendants Vogels the option for a period of thirty days to pay said total amount to the clerk of the trial court for the account of plaintiff; and further providing that if the defendants Vogels shall default in paying said amount within said period then the plaintiff shall be entitled to a mandatory-injunction decree requiring the defendants Vogels to remove their garage from plaintiff's premises within a period of thirty days from the date a copy of said decree is served upon them. Said interlocutory judgment shall further provide that if the defendants Vogels do pay said amount to the clerk of the court within the specified period said sum is to be released to plaintiff upon her delivering to said clerk a proper deed of conveyance conveying said strip to the defendants Vogels.

(3) In the event plaintiff elects not to part with title to the strip, or refuses to make any election, then the trial court shall separately determine: (a) The damages sustained by

plaintiff as a result of the encroachment of the garage from the date the defendants Vogels acquired title to their premises to the date of such determination; and (b) the future damages plaintiff, or her successors in title, will sustain as the result of defendants Vogels, or their successors in title, continuing to maintain said garage in its present location for the estimated life of said garage if kept in proper repair. An interlocutory judgment shall then be entered granting defendants Vogels the option for a period of thirty days of either paying said amount to the clerk of the trial court for the benefit of the plaintiff or of removing said garage, including the concrete floor and south eaves thereof, from off plaintiff's premises; and if the defendants Vogels do neither within said period then plaintiff shall be entitled to a mandatory-injunction decree requiring the defendants Vogels to remove their garage from plaintiff's premises within a period of thirty days from the date a copy of said decree is served upon them, and for recovery from defendants Vogels of the amount of damages fixed and determined by the trial court for the deprivation of use of plaintiff's property for the period from the date the defendants Vogels acquired title to their premises to the time of such determination by the trial court. Said interlocutory judgment should further provide that in the event defendants Vogels elect to pay the total amount determined by the court for past and future damages, and do so pay said amount to the clerk of court, then defendants Vogels shall be entitled to have judgment entered perpetually restraining plaintiff, and her successors in title, from maintaining any action against the defendants Vogels, and their successors in title, grounded upon the encroachment of said garage upon plaintiff's premises.

The supreme courts of North Dakota and Arizona have resorted to the use of their equity powers to work out an equitable solution of problems resulting from building encroachments due to innocent mistake through the means of

providing options similar in character to those herein directed. *Owenson v. Bradley* (1924), 50 N.`D. 741, 197 N. W. 885, 31 A. L. R. 1296, and *Wacker v. Price* (1950), 70 Ariz. 99, 216 Pac. (2d) 707.

*By the Court.*—That part of the judgment dismissing plaintiff's complaint as to her cause of action for recovery of land encroached upon by the concrete driveway of the defendants Vogels is affirmed; and that part of the judgment dismissing the complaint as to plaintiff's cause of action relating to the encroachment upon her premises by the defendants Vogels' garage is reversed and cause remanded for further proceedings in accordance with this opinion. Neither party to have costs on this appeal. Plaintiff to pay clerk's fees.