CHETEK STATE BANK, First Bank & Trust, First Federal Savings & Loan Association of Eau Claire, First Federal Savings Bank, First Financial Bank, FSB, First Interstate Bank of Wisconsin, N.A., First Northern Savings Bank, First Wisconsin National Bank of Eau Claire, Interstate Federal Savings & Loan Association of Mc Gregor, Monycor Savings Bank, F.S.B., Northern State Bank, Ashland, Wisconsin, Security Bank, S.S.B., State Bank of Independence, United Savings & Loan Association, and Western Federal Savings & Loan Association, Plaintiffs-Respondents,†

v.

W. Warren BARBERG, Hotel Operating Company, Inc., Defendants-Appellants,

BARSTOW SQUARE COMPANY, a partnership, Defendant,

L. J. STUCKY, Stucky Chiropractic Life Center, S.C., James Stucky, O-Jan, a partnership of O.A. Hildebrandt and James Doughterty, O.A. Hildebrandt, James Doughterty, Donald L. Williams, Defendants-Co-Appellants,

John DOE (III-V), John Doe (II-V), City of Eau Claire, Connor Evans, Jan M. Evans and Piper, Jaffray & Hopwood, Incorporated, Defendants.

Court of Appeals

*No. 92-0208. Submitted on briefs July 28, 1992.—Decided August 11, 1992.*

†Petition to review denied.

(Also reported in 489 N.W.2d 385.)

518

On behalf of the defendants-appellants, L.J. Stucky, Stucky Chiropractic Life Center, S.C., James Stucky and Donald L. Williams, the cause was submitted on the briefs of *Gary L. Bakke* of *Bakke Norman, S.C.* of New Richmond.

On behalf of the defendants-appellants, O-Jan, O.A. Hildebrandt and James Doughterty, the cause was submitted on the briefs of *Raymond H. Scott* and *William A. Grunewald* of *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.,* of Medford.

On behalf of the defendants-appellants, W. Warren Barberg and Hotel Operating Company, Inc., the cause was submitted on the briefs of *Michael B. Van Sicklen* and *Joan L. Eads* of *Foley & Lardner* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *John D. Hibbard* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   W. Warren Barberg, Hotel Operating Company, Inc. (Barberg), James Stucky and various other defendants (Stucky) appeal a judgment holding them liable for $342,344.71 as a result of the mortgagor's failure to pay real estate taxes and interest as required under the mortgage agreement. Barberg and Stucky contend that the failure to pay taxes and interest does not state a claim for tortious waste, the underlying claim resulting in the judgment against them. We agree and reverse the summary judgment against Stucky and the default judgment against Barberg.

The plaintiff banks (the bank) had a collective mortgage on the Civic Center Inn located in Eau Claire, Wisconsin. The language of this collective mortgage and the underlying notes provided that, upon default, the bank could not obtain a deficiency judgment against the

519

mortgagor, the partnership of Barstow Square Company, or its general partners. In addition, the mortgage contained the provision that "unless a partner in his personal capacity is also obligated on the note or notes hereby secured [by the partnership property], such individual partner should not be liable to the mortgagees on any money judgment."

When the mortgage went into default, the bank commenced a foreclosure action. The property was sold at a sheriff's sale that resulted in a deficiency in excess of $1,400,000. As a result of the nonrecourse language, the bank's complaint in the foreclosure action did not request a deficiency judgment against any of the partners. However, the complaint contained a second cause of action alleging tortious waste based on the mortgagor's failure to pay the real estate taxes and interest on the note as the terms of the mortgage agreement required. Because Barberg failed to answer the complaint, the bank moved for default judgment after the foreclosure proceedings. Barberg responded by filing a motion for leave to answer and submitting a proposed answer to the court. The proposed answer denied that Barberg had committed waste, and included a motion to dismiss for failure to state a claim for tortious waste. The court denied Barberg's motion for leave to file an answer, but stayed entry of the default judgment pending consideration of the bank's motion for summary judgment against Stucky.

At the bank's summary judgment hearing, the court determined that the nonpayment of the real estate taxes and interest as required under the terms of the mortgage and mortgage note constituted tortious waste, and granted default judgment against Barberg and summary judgment against Stucky. The court found that the unpaid real estate taxes totalled $191,698.81 and that the

unpaid interest on the note totalled $150,645.90 and granted judgment for $342,344.71 against Barberg and Stucky personally. The trial court ruled that attorney fees and costs were not recoverable damages in the claim for tortious waste.

The question of whether alleged facts constitute a cause of action is reviewed as a question of law. *Prudential Ins. Co. v. Spencer's Kenosha Bowl*, 137 Wis. 2d 313, 317, 404 N.W.2d 109, 111 (Ct. App. 1987). Questions of law are determined independent of the trial court's conclusion. *Id.* The facts raise a single issue whether the nonpayment of real estate taxes and mortgage interest in this case constitutes the tort of waste. We conclude that it does not.

It is important to begin our analysis by distinguishing the concept of waste sufficient to result in the appointment of a receiver from the concept of waste that results in tort liability. Several Wisconsin cases hold that the failure to pay interest or taxes constitutes waste because it increases the debt and impairs the security by subjecting the property to liens superior to the mortgage. These cases, however, are in the context of an application for the appointment of a receiver. *See Dick & Reuteman Co. v. Jem Realty Co.*, 225 Wis. 428, 435, 274 N.W. 416, 421 (1937). Section 813.16(1), Stats., provides for appointment of a receiver if "the property or its rents and profits are in danger of being lost or materially impaired." Here, there is no question that the nonpayment of the real estate taxes and interest were sufficient to authorize the appointment of a receiver. The well-established rule that the nonpayment of interest or taxes will in certain circumstances authorize the appointment

of a receiver does not, however, mean that tort liability is created.

Tortious waste has three elements: (1) unreasonable conduct by the owner of real property, (2) that results in physical damage to the property, and (3) substantially diminishes the value of the property in which others have an interest *Prudential Ins.*, 137 Wis. 2d at 317–18, 404 N.W.2d at 111. Waste as a tort involves the destruction, misuse, alteration or neglect of real property by one lawfully in possession to the prejudice of others who have an interest in that estate. *See* 78 Am. Jur. 2d, *Waste* § 1. These elements exceed the minimal showing that must be made to support an application for appointment of a receiver. We conclude, therefore, that the cases considering the question of waste in a request for the appointment of a receiver are inapposite when the tort of waste is in issue.

The first element of tortious waste is that the parties in possession of the property engage in unreasonable conduct. While there is no doubt that the terms of the mortgage and mortgage note obligated the mortgagor to pay the real estate taxes and interest, the mortgagor's failure to do so, without more, is not per se unreasonable conduct giving rise to tort liability. Nor does the allegation of nonpayment demonstrate any physical damage to the property. While under the facts of this case we are not required to analyze what constitutes physical damage to the property, we conclude that nonpayment of interest and real estate taxes is not the type of physical damage necessary to a cause of action for tortious waste. Because the allegations of the complaint fail to demonstrate two of the three elements of tortious waste, we

conclude that the complaint does not state a cause of action for tortious waste.

The bank also contends that the tort claim is sufficiently independent from the foreclosure action to authorize imposition of money judgments against the individual partners, notwithstanding the nonrecourse language of the mortgage and mortgage note. Because we have concluded that no tort of waste has been alleged, we need not address this contention. Nor need we consider Barberg and Stucky's allegation that the trial court's finding in the foreclosure judgment that waste had not been committed establishes the law of the case and is binding upon the bank.

■ ■

Finally, the bank contends that because Barberg failed to file an answer to the complaint, Barberg is in default and deemed to have admitted all allegations in the complaint. The bank argues that it is thus entitled to retain its judgment against Barberg. We do not agree. A default judgment will not stand if the complaint lacks allegations sufficient in law to state a cause of action. *Johnson v. Grzadzielewski,* 159 Wis. 2d 601, 612, 465 N.W.2d 503, 507 (Ct. App. 1990). "The fact that a party may be in default cannot confer a right to judgment upon a claim not recognized by law." *Davis v. City of Elkhorn,* 132 Wis. 2d 394, 399, 393 N.W.2d 95, 97 (Ct. App. 1986). Because we conclude that the bank's claim lacks allegations amounting to a cause of action for tortious waste, the default judgment against Barberg cannot stand.

*By the Court.*—Judgment reversed.