Robert Soma and Terese Soma,
Plaintiffs-Appellants,

v.

Denise Zurawski a/k/a Zurawaski,
Defendant-Respondent.

Court of Appeals

*No. 2008AP2300. Submitted on briefs April 10, 2009.
—Decided July 16, 2009.*

2009 WI App 124

(Also reported in 772 N.W.2d 724.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *John J. McNally* of *McNally Law Office*, Necedah.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Eric J. Pollex* of *Pollex Law Office of LaRowe, Gerlach & Roy, LLP*, Friendship.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J. The defendant, Denise Zurawski, and her now-deceased husband unwittingly placed permanent improvements on adjacent property they did not own. Years later, the owner of the adjacent property filed an action for possession. Denise Zurawski eventually counterclaimed that the equities of the case justified a judgment forcing a sale of the land to her at fair market value. The circuit court ordered a forced sale, relying on WIS. STAT. ch. 843.[1] However, on appeal, the parties agree that the provision in ch. 843 allowing forced sales, WIS. STAT. § 843.10, does not apply. Rather, the main dispute on appeal is whether circuit courts have the equitable authority, apart from § 843.10, to order a forced sale. That question was implicitly resolved in Zurawski's favor in *Perpignani v. Vonasek*, 139 Wis. 2d 695, 408 N.W.2d 1 (1987).

¶ 2. A separate issue raised is whether the circuit court properly exercised its discretion to permit Zurawski to amend her answer to add a counterclaim for a forced sale after the trial in this matter commenced. We conclude that the court properly exercised its discretion in this regard. In addition, we conclude that the record supports the court's discretionary forced sale order.

¶ 3. Accordingly, we affirm the court's order for the forced sale.

### Background

¶ 4. Albert and Denise Zurawski purchased land and placed significant permanent improvements on what they believed was their property. More than ten years later, they discovered that the improvements were on an adjacent lot.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

¶ 5. After the Zurawskis became aware that they had placed the improvements on an adjacent lot, the plaintiffs, Robert and Terese Soma, purchased the adjacent lot. The Somas knew of the encroachment by the time they had finalized the purchase of the lot, and initially told the Zurawskis not to worry about it. However, about a year and a half later, the Zurawskis refused to allow the Somas to hunt on the Zurawskis' property and the Somas responded by filing an action for possession against Denise Zurawski. Denise is the sole defendant because, some time shortly before the Somas filed suit, Albert Zurawski died.

¶ 6. The case was tried to the circuit court. The court, relying on WIS. STAT. ch. 843, ordered a forced sale of the encroached land to Denise Zurawski for $10,000. The Somas appeal that order. We reference additional facts as needed below.

### *Discussion*

¶ 7. The parties raise two issues: (1) whether, apart from WIS. STAT. § 843.10, a circuit court has the authority to order a forced sale, and (2) whether the circuit court here erroneously exercised its discretion when it allowed Zurawski to amend her answer to add a counterclaim for a forced sale. We also choose to explain why the record supports the circuit court's forced sale order.

### *1. Authority To Order The Forced Sale*

¶ 8. WISCONSIN STAT. § 843.10 grants courts the authority to order a forced sale of land under specified circumstances.[2] The Somas argue that the circuit court

---

[2] WISCONSIN STAT. § 843.10 incorporates requirements from WIS. STAT. § 843.09. These statutes read as follows:

exceeded its authority when it ordered the forced sale because certain requirements for a forced sale under § 843.10 are not met here. Zurawski does not argue that she met the requirements for a forced sale under § 843.10.[3] Rather, she argues that the court had the authority to order a forced sale under its general powers of equity. We agree with Zurawski.

> **843.09 Counterclaim for improvements.** In any action brought for a declaration of right to possession or to recover possession of real property or to remove claimed encroachments, a defendant in addition to defending against plaintiff's claim may by counterclaim allege that the defendant or a person under whom the defendant claims, while holding adversely by color of title asserted in good faith, has made permanent and valuable improvements on or by permanent and valuable building has encroached on such property and may demand the value to the plaintiff of such improvements and taxes paid . . . .

> **843.10 Counterclaim that plaintiff be required to sell land to defendant.** In an action in which the plaintiff demands the relief specified in s. 843.09, and in which the defendant makes the allegations specified in that section and in addition alleges that the building is partly on plaintiff's land and partly on land in which the plaintiff has no interest and that the portion of the building built or encroaching on plaintiff's land cannot be removed or separated from the remaining portion without serious injury to both parts, the defendant may demand judgment that the plaintiff be required to sell the defendant the land on which such building stands or encroaches, together with such additional land as may be necessary or equitable in the circumstances.

[3] We agree with Zurawski's implicit concession that the circuit court could not rely on WIS. STAT. § 843.10, but we choose not to engage in a detailed analysis of why such reliance would be incorrect. It is sufficient here to observe that Zurawski did not meet the statutory requirements that she have "color of title" or that the improvements were only partly on the plaintiff's land. Moreover, the circuit court's reliance on other provisions of ch. 843 is misplaced because the application of those provisions assumes that the requirements for a forced sale under § 843.10 are met.

¶ 9. The issue presented was implicitly resolved in *Perpignani v. Vonasek*, 139 Wis. 2d 695, 408 N.W.2d 1 (1987). In *Perpignani*, the defendant constructed buildings on what turned out to be the plaintiff's neighboring property. The circuit court denied the plaintiff a declaration that he owned the property and an order requiring the defendant to remove the buildings. *Id.* at 709. Instead, the circuit court ordered the defendant to compensate the plaintiff for the land, thus ordering a forced sale. *Id.* The supreme court in *Perpignani* upheld the forced sale of part of the land, relying on Wis. Stat. § 844.20 and the general power of courts to fashion an equitable remedy to meet the needs of a particular case.[4] *Perpignani*, 139 Wis. 2d at 706–09, 736–37. The supreme court explained:

> The trial court concluded that a forced sale of the land was the best solution: "It would not be reasonable to require the defendants to remove their buildings and the more reasonable and equitable remedy would be an award of damages based upon the value thereof and a transfer of title to that land by the plaintiff to the defendants . . . ." *We agree that a sale of Plaintiff's land to [defendant] is the most equitable solution.* The complaint in the present case did not rely on any statutory sections in stating the cause of action but merely asked for a declaration of rights. We note that the case may be treated as an action based on

---

[4] Wisconsin Stat. ch. 844 authorizes actions for interference with or physical injury to an interest in real property. *See* Wis. Stat. § 844.01. Wisconsin Stat. § 844.20, the provision cited by the court in *Perpignani v. Vonasek*, 139 Wis. 2d 695, 737, 408 N.W.2d 1 (1987), states that the judgment in an action under ch. 844 "shall award the relief, legal or equitable, to which the plaintiff is entitled specifically, and without limitation, interference, encroachment, physical injury or waste may be enjoined; damages may be awarded separately, or in addition."

interference with a property interest under ch. 844, Stats. *Under this chapter, the court may award the legal or equitable relief to which Plaintiff is entitled.*[5] *See, sec. 844.20, Stats. Courts may apply equitable remedies as necessary to meet the needs of a particular case. Prince v. Bryant*, 87 Wis. 2d 662, 674, 275 N.W.2d 676 (1979).

*Id.* at 736–37 (emphasis and footnote added).

¶ 10. The *Perpignani* decision does not squarely address whether WIS. STAT. § 843.10 is the sole authority under which a circuit court may order a forced sale to the defendant in an action for possession. Indeed, the decision does not mention WIS. STAT. ch. 843. For that matter, the opinion accepts the circuit court's decision to order a forced sale without an explanation of why it was doing so. Nonetheless, the supreme court in *Perpignani* plainly affirmed a forced sale in an action for possession, relying on WIS. STAT. ch. 844 and general equitable powers. Thus, the court necessarily, albeit implicitly, decided that § 843.10 is not the sole authority under which a circuit court may order a forced sale.

¶ 11. We acknowledge that the specific requirements the legislature imposed as a prerequisite to a forced sale under WIS. STAT. § 843.10 might be interpreted as showing that the legislature intended to prohibit forced sales unless those requirements are met. However, *Perpignani* plainly holds that a forced sale may be based on authority other than § 843.10.

[5] The supreme court's reference in *Perpignani* to the "Plaintiff" here is puzzling, but might be explained as indicating that a forced sale to the defendant is equivalent to compensating the plaintiff for the value of the land. *See Perpignani*, 139 Wis. 2d at 709. Regardless, it is clear that the court in *Perpignani* was upholding a forced sale *in favor of the defendant. See id.* at 736.

98

Any arguable inconsistency between *Perpignani* and § 843.10 is a matter to be addressed by the supreme court or the legislature.

### 2. Amendment To Zurawski's Answer

■

¶ 12. Zurawski did not initially counterclaim for a forced sale. Rather, her answer pled affirmative defenses, including adverse possession and laches. During the trial, Zurawski argued that the equities of the case justified awarding her the encroached land at fair market value, that is, a forced sale. She sought to elicit additional evidence on the equities of the matter and to show the value of the encroached land. The Somas objected, and argued that a forced sale was not an available remedy because Zurawski had not counterclaimed for such a sale. The circuit court indicated that it was inclined to permit Zurawski to proceed with forced sale evidence and offered to adjourn the trial so the parties could better prepare to try Zurawski's counterclaim. The Somas rejected the offered adjournment, and the court allowed the forced sale evidence, effectively permitting Zurawski to add the counterclaim. The Somas argue that this was an erroneous exercise of discretion. We disagree.

■■

¶ 13. The general rule is that a party may amend a pleading "by leave of court . . ., and leave shall be freely given at any stage of the action when justice so requires." Wis. Stat. § 802.09(1). "Statutes governing amendment of pleadings are to be liberally construed to permit the presentation of the entire controversy providing such amendment does not unfairly deprive the opposing party of an opportunity to meet the new

issue." *Zobel v. Fenendael*, 127 Wis. 2d 382, 393, 379 N.W.2d 887 (Ct. App. 1985). The decision to allow an amendment is generally a discretionary call for the circuit court. *Hess v. Fernandez*, 2005 WI 19, ¶ 12, 278 Wis. 2d 283, 692 N.W.2d 655.

¶ 14. Because the Somas objected to the amendment and to Zurawski's evidence in support of the counterclaim, the following standards in Wis. Stat. § 802.09(2) also govern:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

¶ 15. The Somas argue that the merits were not subserved by the amendment, as required by Wis. Stat. § 802.09(2), because the evidence showed that the Somas had clear legal title to the encroached land. If the Somas mean to suggest that the amendment was unfair because they reasonably thought the trial would be limited to the issue of whether they held title to the land and to the defenses pled prior to trial, we do not agree. Zurawski's answer made clear that a central issue was whether she was entitled to an ownership or possessory interest in that land despite the Somas' title. Further, the witnesses Zurawski called to support her forced sale claim were on her witness list. And, it is apparent that many of the facts relevant to the fairness of a forced sale are the same as the facts relevant to Zurawski's affirmative defense of laches. Finally, coun-

100

sel for the Somas conceded before the circuit court that Zurawski's counsel made him aware early on that Zurawski might seek a forced sale. Thus, the Somas are in no position to argue that the possibility of a forced sale took them by surprise. Moreover, it made sense, in order to address and resolve the "entire controversy," for the court to try Zurawski's forced sale claim at the same time as the other issues relating to the parties' dispute over the encroached land.

¶ 16. The Somas also argue that their ability to defend themselves against a forced sale was prejudiced when the court permitted Zurawski's counterclaim to proceed mid-trial. They contend that they never had the opportunity to conduct discovery regarding Zurawski's counterclaim and, therefore, were unable to introduce evidence to oppose it. This argument might have some merit had the Somas not rejected the circuit court's offer to adjourn the trial to allow the parties more time to prepare. *See Hess*, 278 Wis. 2d 283, ¶ 27 (a party objecting to an amendment could not claim prejudice when the circuit court offered an opportunity to introduce additional evidence). Moreover, the Somas' basis for rejecting an adjournment is not compelling, namely, that two years had passed since the time they had filed suit. The Somas did not explain why some additional delay was a problem.

¶ 17. We also observe that it does not appear that the defendant in *Perpignani ever* pled a counterclaim for a forced sale—instead, the defendant pled affirmative defenses that are similar to those Zurawski pled here. Yet, as we have explained, both the supreme court and the circuit court in *Perpignani* deemed a forced sale to the defendant to be a permissible remedy. *See Perpignani*, 139 Wis. 2d at 707, 709, 736–37. The supreme court in *Perpignani* observed that " 'a court may grant

101

such relief as it feels a party is entitled to, even if such relief has not been demanded.'" *Id.* at 737 (quoting *Klaus v. Vander Heyden*, 106 Wis. 2d 353, 359, 316 N.W.2d 664 (1982)).

¶ 18. For the reasons stated, we uphold the circuit court's decision to allow Zurawski to add her counterclaim for the forced sale.

### 3. The Circuit Court's Exercise Of Discretion To Order A Forced Sale In This Case

¶ 19. The Somas do not argue in the alternative that, if the counterclaim was permissible and if a circuit court may order a forced sale under authority *other than* Wis. Stat. § 843.10, the court erroneously exercised its discretion when it ordered the forced sale here. Thus, we could choose not to address this issue. However, because we rely on *Perpignani*, a case that neither the circuit court nor the parties have discussed, we will briefly explain why the court's decision here is amply supported by the record and why remanding the matter would be a waste of resources.

██

¶ 20. First, a forced sale under Wis. Stat. ch. 843 and under *Perpignani* are both discretionary decisions in which a court determines whether the equities of the situation call for a forced sale. Wisconsin Stat. § 843.10 expressly states that, once certain prerequisites are met, a court may require a plaintiff to sell land "as may be necessary or equitable in the circumstances." The *Perpignani* case similarly makes apparent that the decision is a discretionary one based in equity. *See Perpignani*, 139 Wis. 2d at 736–37. Thus, there is no reason to think that the circuit court here would have

viewed the situation differently if only it had known that it could not act under the authority provided in § 843.10.

¶ 21. Turning to the record, the evidence supports both a forced sale and the sale price specified by the court.

¶ 22. The evidence established that Albert and Denise Zurawski mistakenly placed significant improvements on less than one acre of a parcel of almost seven acres that was later purchased by the Somas. The improvements included a trailer that was placed on a pier-type foundation and that had been the Zurawskis' home for more than fifteen years. The Zurawskis had also put considerable effort into landscaping the area around the trailer. Other improvements included a fence, a septic system, and a well. In addition, Denise Zurawski presented evidence indicating that the expense of relocating the improvements would be more than twice the value of the encroached land. There also was evidence that the Somas knew of the encroachment by the time they purchased their lot. Moreover, the Somas were unconcerned about the encroachment for more than a year after they learned of it, and only sought possession when the Zurawskis refused to allow the Somas to hunt on the Zurawskis' property. Finally, we find no indication in the record that the encroached property was particularly valuable to the Somas.

¶ 23. There is also evidence supporting the finding that the value of the encroached land was $10,000, and no reason to think that valuation would change on remand. The circuit court calculated the $10,000 amount by reference to Wis. Stat. § 843.13(3), which provides: "[T]he value of plaintiff's land to be sold to the defendant shall be determined at the time when its

103

value was highest between the time of defendant's encroachment or taking of possession and the time of trial . . . ." This standard does not limit the Somas to the fair market value of the land at the time of their lawsuit; rather, they could receive the land's highest value during the duration of the encroachment, beginning in 1991 and ending at the time of trial in 2007. There is no reason to think that the circuit court would have placed a higher value on the encroached land if it had expressly acted under the authority granted in WIS. STAT. ch. 844 and under its general equitable authority, instead of acting under WIS. STAT. ch. 843.

¶ 24. We acknowledge that the Somas disputed some of this evidence, but we must assume that the circuit court resolved any factual disputes in Denise Zurawski's favor. *See State v. Pallone*, 2000 WI 77, ¶ 44 n.13, 236 Wis. 2d 162, 613 N.W.2d 568 (when an express finding is not made, appellate courts normally assume that the circuit court made findings in a manner that supports its final decision). Moreover, the Somas concede that "[a]n equity judgment will not be disturbed on appeal if it is support[ed] by evidence, or if it is not clearly erroneous."

### *Conclusion*

¶ 25. In sum, we uphold the forced sale under *Perpignani*, conclude that the circuit court properly exercised its discretion in allowing Denise Zurawski to add a counterclaim for the forced sale, and conclude that the circuit court's equitable decision to order a forced sale for $10,000 is supported by the record. Accordingly, we affirm the circuit court's order.

*By the Court.*—Order affirmed.