COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP971**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV18

IN COURT OF APPEALS
DISTRICT IV

---

SHIRLEY WALLESER,

    PLAINTIFF-RESPONDENT,

 V.

KEVIN WALLESER AND DR. ANNE MARIE E. ELWING,

    DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Vernon County: WILLIAM ANDREW SHARP, Judge. *Reversed and cause remanded with directions*.

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

¶1      KLOPPENBURG, J. Shirley Walleser filed a complaint in the circuit court against Kevin Walleser and Dr. Anne Marie Elwing, who own property that is adjacent to property owned by Shirley.[1]  The complaint alleges that, in 2002, Shirley built structures that are partially on property owned by Shirley and partially on property owned by Kevin and Anne Marie, and that Shirley has since accessed those structures via a driveway that is also partially on her property and partially on Kevin and Anne Marie's property.  The complaint requests that the circuit court order Kevin and Anne Marie to sell to Shirley the portion of their property on which parts of the structures and driveway are located. Kevin and Anne Marie did not answer the complaint within twenty days and Shirley subsequently filed a motion for default judgment.  After receiving notice of the default, Kevin and Anne Marie filed a motion to enlarge the time to answer the complaint, an answer with affirmative defenses and a counterclaim, and a motion to dismiss the complaint for failure to state a claim.

¶2      The circuit court denied Kevin and Anne Marie's motion to enlarge the time to answer the complaint and denied their motion to dismiss the complaint. The court also granted Shirley's motion for default judgment and ordered Kevin and Anne Marie to sell the property at issue to Shirley, as requested in the complaint.  The court subsequently denied Kevin and Anne Marie's motion for reconsideration, which asserted that the complaint fails to join a necessary party. Kevin and Anne Marie appeal, arguing that the court erred in multiple respects.

---

[1] For ease of reading, we refer to the parties and family members by their first names because some of them share the same last name.

¶3      We deem dispositive Kevin and Anne Marie's argument that the complaint fails to state a claim on which relief can be granted.  Because we agree that the complaint fails to state a claim on which relief can be granted, we conclude that, under controlling case law, the circuit court erroneously granted Shirley's motion for default judgment and, accordingly, we reverse the default judgment and remand to the circuit court to dismiss the complaint.[2]

## BACKGROUND

¶4      Shirley filed her complaint against Kevin and Anne Marie in Vernon County circuit court on February 19, 2021.  In the complaint Shirley alleged that, in 2002, Shirley built structures partially on property owned by her and partially on property owned by Kevin and Anne Marie, and that she accesses the structures via a driveway that is located on property owned partially by her and partially by Kevin and Anne Marie.  Shirley sought relief in the form of an order directing that

---

[2] We reverse the circuit court order denying the motion to dismiss the complaint for failure to state a claim and, based on the record in this case to date, direct that the court dismiss the complaint on that basis.  We take no position regarding potential motions from the parties that might be filed following remand on issues that we do not address in this opinion and that might relate to the dismissal of the complaint.

Separately, we note that Kevin and Anne Marie also argue that the circuit court: (1) erroneously exercised its discretion in denying their motion to enlarge the time for them to answer the complaint; (2) erred in ordering the conveyance of their property both as a matter of law and because Shirley has "unclean hands"; and (3) erroneously exercised its discretion in denying their motion for reconsideration, in which they asserted that the complaint fails to join an indispensable party.  Our conclusion that the complaint fails to state a claim and, therefore, that the default judgment entered by the court cannot stand and the complaint must be dismissed, renders Kevin and Anne Marie's additional arguments moot.

"An issue is moot when its resolution will have no practical effect on the underlying controversy." *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425.  "In other words, a moot question is one which circumstances have rendered purely academic." *Id.*  "Generally, moot issues will not be considered by an appellate court." *Id.* Accordingly, we do not consider Kevin and Anne Marie's additional arguments.

Kevin and Anne Marie sell to her, "at a price that is fair and reasonable, free and clear of all liens and encumbrances," the portions of Kevin and Anne Marie's property on which parts of the structures and driveway are located.

¶5     A deputy with the Vernon County Sheriff's Office personally served Kevin and Anne Marie with the summons and complaint on February 24, 2021. On April 9, 2021, after the statutory period to file an answer had elapsed,[3] Shirley filed a motion for default judgment and provided notice of the motion to Kevin and Anne Marie.  On April 13, 2021, Kevin and Anne Marie filed an answer with affirmative defenses and a counterclaim, and a "Motion for Continuance of Default Judgment."

¶6     In September 2021, Kevin and Anne Marie filed a motion to dismiss the complaint under WIS. STAT. § 802.06 for failure to state a claim on which relief can be granted.  At the same time, Kevin and Anne Marie also filed a motion to retroactively enlarge the time to answer the complaint from April 10, 2021, to April 13, 2021, under WIS. STAT. § 801.15(2), based on "excusable neglect as set forth in the accompanying affidavit."   In the accompanying affidavit, Kevin averred that after he was served with the summons and complaint, he set it aside in his shop at the farm and then, for the next three to four weeks, worked many hours to prepare for the upcoming spring planting season and calving beef cows. He averred that, upon receipt of the motion for default judgment, he immediately contacted and met with an attorney.

---

[3] *See* WIS. STAT. § 802.06(1)(a) (2021-22) (as pertinent in this case, providing that "a defendant shall serve an answer within 20 days after the service of the complaint upon the defendant").  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

4

¶7 In December 2021, the circuit court held a motions hearing and, in a subsequent written order, denied the motion to enlarge the time to answer and rejected the answer, affirmative defenses, and counterclaim submitted by Kevin and Anne Marie. The court also denied Kevin and Anne Marie's motion to dismiss the complaint for failure to state a claim on which relief can be granted, which is the ruling that we reverse in this appeal, for reasons explained below. In the same order, the court granted Shirley's motion for default judgment and scheduled a hearing to determine which specific property Kevin and Anne Marie would be required to convey to Shirley and the compensation to be paid by Shirley for that property.

¶8 Before the hearing to determine the specific property to be conveyed and the compensation for the conveyance, Kevin and Anne Marie filed a motion for reconsideration in which they asserted that the complaint failed to join a mortgagor of the property as "an indispensable and necessary party" under WIS. STAT. § 803.03. At the hearing, the circuit court denied the motion for reconsideration and received evidence regarding the property to be conveyed and the compensation to be paid. After the hearing, the court entered judgment requiring Kevin and Anne Marie to convey to Shirley the property as described in a survey presented at the hearing for $3,000 in compensation, free and clear of all liens and encumbrances except real estate taxes for the year of conveyance. Kevin and Anne Marie appeal.

**DISCUSSION**

¶9 As noted, we conclude that the only issue necessary to resolve this appeal is whether the circuit court erroneously entered default judgment based on its determination that the complaint states a claim on which relief can be granted.

5

We first summarize the applicable standard of review and legal principles, next provide additional pertinent background, and then explain our conclusion that the complaint fails to state a claim on which relief can be granted, thereby requiring reversal of the default judgment and dismissal of the complaint.

I.

¶10    The granting of a default judgment is submitted to the circuit court's exercise of discretion. *Martin v. Griffin*, 117 Wis. 2d 438, 442-43, 344 N.W.2d 206 (Ct. App. 1984). However, this court reviews de novo the legal question of whether a complaint states a claim on which relief can be granted. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. "In a default motion, the complainant must show that the complaint was timely served and filed and that the complaint contains allegations sufficient in law to state a claim for relief against the defendant." *Davis v. City of Elkhorn*, 132 Wis. 2d 394, 398-99, 393 N.W.2d 95 (Ct. App. 1986). "A default judgment will not stand if the complaint lacks allegations sufficient in law to state a cause of action."[4] *Chetek State Bank v. Barberg*, 170 Wis. 2d 516, 523, 489 N.W.2d 385 (Ct. App. 1992). This is because "[t]he fact that a party may be in default cannot confer a right to judgment upon a claim not recognized by law." *Davis*, 132 Wis. 2d at 399; *see also Johnson v. Grzadzielewski*, 159 Wis. 2d 601, 612, 465 N.W.2d 503 (Ct. App. 1990) ("Even if a party is in default, there is no right to judgment upon a claim not recognized by law.")

---

[4] The terms "cause of action" and "claim for relief" are used interchangeably and refer to the same concept. *Tikalsky v. Friedman*, 2019 WI 56, ¶14 n.9, 386 Wis. 2d 757, 928 N.W.2d 502 ("Our cases at various times have referred to 'causes of action,' 'claims for relief,' 'theories of recovery,' and 'theories of liability.' The terms are interchangeable.")

¶11 "Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom," in favor of the party against whom the motion is brought. *Data Key Partners*, 356 Wis. 2d 665, ¶19 (citation omitted); *Preston v. Meriter Hosp., Inc.*, 2005 WI 122, ¶13, 284 Wis. 2d 264, 700 N.W.2d 158. This court does not add facts when analyzing the sufficiency of the complaint, nor does this court accept as true any legal conclusions it states. *Data Key Partners*, 356 Wis. 2d 665, ¶¶19, 21.

¶12 To survive a motion to dismiss, a complaint "must allege facts that, if true, plausibly suggest a violation of applicable law." *Id.*, ¶21; *see also* WIS. STAT. § 802.02(1)(a) (complaint must show "that the pleader is entitled to relief.") The "substantive law drives what facts must be pled." *Data Key Partners*, 356 Wis. 2d 665, ¶2. "[W]e will dismiss a complaint if, '[u]nder the guise of notice pleading, the complaint before us requires the court to indulge in too much speculation leaving too much to the imagination of the court.'" *John Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶36, 284 Wis. 2d 307, 700 N.W.2d 180 (quoted source omitted).

¶13 The interpretation and application of statutes are also questions of law that we review independently of the circuit court. *Brey v. State Farm Mut. Auto. Ins. Co.*, 2022 WI 7, ¶9, 400 Wis. 2d 417, 970 N.W.2d 1. When interpreting a statute, our analysis begins with the statutory text. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We give the words used by the legislature their "common, ordinary and accepted meaning[.]" *Id.* In addition, statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. "Previous cases construing a

statute also become a part of our understanding of a statute's plain meaning." *Meyers v. Bayer AG*, 2007 WI 99, ¶23, 303 Wis. 2d 295, 735 N.W.2d 448.

## II.

¶14 The complaint here states factual allegations in eleven of its numbered paragraphs. Three paragraphs identify the three individual parties. One paragraph alleges that Kevin and Anne Marie own certain property and alleges a legal description of the property. One paragraph alleges that Shirley owns certain property and alleges a legal description of the property.

¶15 The next three paragraphs allege the following conduct by Shirley related to these two parcels. In 2000, Shirley's late husband sold 79 acres to Kevin and Anne Marie, "retaining one acre" on which Shirley and her late husband constructed a residence. In 2002, Shirley and her late husband "constructed a six-car garage and lean[-]to partially on property owned by [Shirley] and her late husband and partially on property owned by [Kevin and Anne Marie.]" Since 2002, Shirley "has effectuated ingress and egress to the … garage and lean[-]to" by passing through both Shirley's property and Kevin and Anne Marie's property.

¶16 The next two paragraphs allege that Kevin and Anne Marie knew about and consented to the construction of the structures, they were aware at the time of construction and have been aware since that the structures are partially on their property, and since the time of construction they have known about and consented to Shirley's accessing the structures "over, across, and through" their property. The final numbered paragraph alleges that Kevin and Anne Marie have not responded to Shirley's attempts "to purchase sufficient lands from [Kevin and

Anne Marie] at fair market value to allow" the structures and driveway used to access the structures "to remain in [their] present location[s]."

¶17    The complaint continues with a clause beginning, "WHEREFORE, pursuant to Chapter 844, Wis. Stats., and the court's general powers of equity the Plaintiff respectfully requests the following relief: …." The complaint requests that the circuit court order Kevin and Anne Marie to sell to Shirley "at a price that is fair and reasonable, free and clear of all liens and encumbrances, sufficient lands" to allow the structures and driveway to remain in their current locations and for her to continue to access them as she allegedly has accessed them.

III.

¶18    Shirley argues that it is in the relief that she seeks, not the factual allegations in the complaint, that the complaint states a claim on which relief can be granted. Shirley points to the reference to WIS. STAT. ch. 844 in the complaint's "Wherefore" clause. As we now explain, the language of the statute does not support Shirley's argument.

¶19    Under WIS. STAT. § 844.01(1), "Any person owning or claiming an interest in real property may bring an action claiming physical injury to, or interference with, the property or the person's interest therein; the action may be to redress past injury, to restrain further injury, to abate the source of injury, or for other appropriate relief." The statute continues:

> (2)  Physical injury includes unprivileged intrusions and encroachments; the injury may be surface, subsurface or suprasurface; the injury may arise from activities on the plaintiff's property, or from activities outside the plaintiff's property which affect plaintiff's property.

(3) Interference with an interest is any activity other than physical injury which lessens the possibility of use or enjoyment of the interest.

(4) The lessening of a security interest without physical injury is not actionable unless such lessening constitutes waste.

Sec. 844.01(2)-(4).

¶20 The statute provides that "[a] person claiming injury or interference who does not have possession, may bring an action under this chapter only by alleging that the person with the right to possession refuses to bring the action, and by alleging the efforts which have been made to induce the person with the right to possession to bring the action. The person with right to possession shall be joined as a defendant." WIS. STAT. § 844.15(2). The statute further provides that, "[a]ny person whose activities have injured or will injure the plaintiff's property or interests may be made a defendant." WIS. STAT. § 844.17(1).

¶21 Under WIS. STAT. § 844.16, "[t]he complaint shall indicate each plaintiff's interest, the interests of all persons entitled to possession, the nature of the alleged injury and, if damages are asked, shall allege the percentages and amounts claimed by each person claiming an interest."

¶22 Under WIS. STAT. § 844.16, a complaint filed seeking relief under ch. 844 must allege "the nature of the [] injury" to the plaintiff. "To have meaning, this requirement, at a minimum, must mean that a complaint needs to identify the injury the plaintiff contends he or she has [suffered], is currently [suffering], or will suffer." *Krueger v. AllEnergy Hixton, LLC*, 2018 WI App 60, ¶37 n.10, 384 Wis. 2d 127, 918 N.W.2d 458. The surrounding statutes quoted above, WIS. STAT. §§ 844.01, .15, and .17, clarify that an injury claimed under

10

ch. 844 must be an injury to or interference with real property or an interest in real property, by the person being sued.

¶23 To repeat, the complaint alleges that in 2002 Shirley constructed structures that are partially located on Kevin and Anne Marie's property, and has accessed those structures via a driveway that partially crosses their property, with Kevin and Anne Marie's knowledge and consent. The complaint also alleges that Kevin and Anne Marie have not responded to Shirley's attempts to purchase their property on which the structures and driveway encroach. The reason the complaint does not state a cause of action is that it does not make any allegations of injury to or interference with Shirley's real property or interest in real property by Kevin and Anne Marie. Further, on appeal Shirley does not direct us to any such allegation or reasonable inference arising from the allegations.

¶24 Our review of the cases in which a court has addressed relief under WIS. STAT. ch. 844 confirms that the complaint fails to state a cause of action that can warrant such relief. In summarizing each case, we emphasize the cause of action at issue, to underscore the absence of a cause of action in the present case.

¶25 In *Knuth v. Vogels*, 265 Wis. 341, 61 N.W.2d 301 (1953), an adjacent landowner inadvertently placed a garage and replaced a driveway that slightly encroached on the plaintiff's property. *Id.* at 342. The plaintiff sued "*to recover possession" of the property that the defendant had encroached on*. *Id.* at 342, 349 (referring also to "plaintiff's [] cause of action *for recovery of land encroached upon*" by the defendant's structures) (emphasis added). Our supreme court determined that the circuit court properly denied the plaintiff's requested injunctive relief, which was to order the defendant to remove the encroaching portion of the structures. *Id.* at 346. However, the court remanded the case for the

circuit court to "invoke its equity powers" to order the plaintiff to sell the encroached strip of property to the defendant or fashion some other "equitable solution that will end this unfortunate boundary line controversy between two neighbors." *Id.* at 346-47.

¶26    The factual scenario in *Perpignani v. Vonasek*, 139 Wis. 2d 695, 408 N.W.2d 1 (1987), was similar to that in *Knuth*. A survey disclosed that some of the defendants' buildings encroached on the plaintiff's property. *Perpignani*, 139 Wis. 2d. at 706. Our supreme court affirmed the circuit court's decision to order a "forced sale" of the affected property to the defendants, instead of requiring the defendants to remove the buildings, and remanded for the circuit court to determine the property's fair market value. *Id.* at 736-37. The court clarified that the complaint "did not rely on any statutory sections in stating the cause of action but merely asked for a declaration of rights. We note that the case may be treated as *an action based on interference with a property interest* under ch. 844, Stats." *Id.* at 736-37 (emphasis added).

¶27    In *Schultz v. Trascher*, 2002 WI App 4, 249 Wis. 2d 722, 640 N.W.2d 130, the plaintiff sued *claiming adverse possession of and a prescriptive easement over* a disputed strip of property. *Id.*, ¶¶1, 4 n.2, 8-9. After a trial to the circuit court, the court found that the defendant owned the disputed property and that the plaintiff's driveway slightly encroached on the defendant's property. *Id.*, ¶¶4 n.2, 8-10. The circuit court amended the complaint to allege *common law nuisance* based on the defendant's erection of a fence on the defendant's property that interfered with the plaintiff's use of her driveway, and relied on WIS. STAT. ch. 844 to fashion the equitable remedy of ordering that the plaintiff pay for the defendant to remove the portion of the fence causing the interference. *Id.*, ¶¶10, 25, 29. This court affirmed, ruling that courts may rely on ch. 844 to fashion an

equitable remedy for a private nuisance claim "if the circumstances warrant." *Id.*, ¶¶29, 31.

¶28    Notably, this court in *Schultz* distinguished prior cases in which the plaintiff "unsuccessful[ly] attempt[ed] to base a cause of action on WIS. STAT. § 844.01(1)" only. *Id.*, ¶29 (citing *Shanak v. City of Waupaca*, 183 Wis. 2d 568, 518 N.W.2d 310 (Ct. App. 1994) and *Menick v. City of Menasha*, 200 Wis. 2d 737, 547 N.W.2d 778 (Ct. App. 1996)). This court stated that, unlike in those cases, the plaintiff in *Schultz* did not allege a claim based on ch. 844, but, rather, the claim was private nuisance and the circuit court properly relied on ch. 844 merely to fashion an equitable remedy for the private nuisance. *Id.*, ¶¶29, 31. In a similar vein, in *Bostco, LLC v. Milwaukee Metropolitan Sewerage District*, 2013 WI 78, 350 Wis. 2d 554, 835 N.W.2d 160, our supreme court ruled that ch. 844 "provid[es the] statutory procedure for seeking *abatement of private nuisances*." *Id.*, ¶95 (emphasis added).

¶29    Finally, in *Soma v. Zurawski*, 2009 WI App 124, 321 Wis. 2d 91, 772 N.W.2d 724, the defendant "unwittingly placed permanent improvements on adjacent property she did not own," and "[y]ears later, the owner … filed *an action for possession*." *Id.*, ¶1 (emphasis added). After a trial to the circuit court, the court ordered a forced sale of the disputed property by the plaintiff to the defendant. *Id.*, ¶2. This court affirmed, following the supreme court's decision in *Perpignani* (summarized above). *Soma*, 321 Wis. 2d 91, ¶¶1, 9-10, 12. This court concluded in *Soma* that, based on *Perpignani*, a circuit court's general powers of equity, as well as its authority under WIS. STAT. ch. 844, permit it to order a forced sale when equity demands. *Soma*, 321 Wis. 2d 91, ¶10. This court reasoned that the supreme court in *Perpignani* indicated that a forced sale to the

defendant "is equivalent to compensating the plaintiff for the value of the land" based on the plaintiff's claims in the complaint. *Soma*, 321 Wis. 2d 91, ¶9 n.5.

¶30    The complaint here does not allege interference by Kevin and Anne Marie with a property interest of Shirley's. *Cf. Perpignani*, 139 Wis. 2d at 736-7 (treating complaint that asked for a declaration of rights as stating a cause of action based on interference with a property interest). The complaint here does not allege that Shirley has any legal interest in the property owned by Kevin and Anne Marie on which the structures and driveway encroach, such as through adverse possession or prescriptive easement. *Cf. Schultz*, 249 Wis. 2d 722, ¶¶1, 4 n.2, 10 (affirming after trial dismissal of plaintiff's claims for adverse possession and prescriptive easement and amendment of complaint to state claim of private nuisance). The complaint here does not allege any injury to or interference by Kevin and Anne Marie with Shirley's legal interests in real property, such as through trespass or private nuisance. *Cf. id.*; *Bostco*, 350 Wis. 2d 554, ¶95 (concerning claims seeking abatement of private nuisance). The complaint here also does not allege that Shirley is or will be unable to sell her property because of Kevin and Anne Marie's failure to respond to her attempts to purchase their property on which the structures allegedly encroach to support a claim under WIS. STAT. § 844.15(2). The complaint does not allege that Kevin and Anne Marie have violated any legal duty owed to Shirley by not responding to Shirley's attempts to purchase the property allegedly encroached on. The complaint does not allege any disputes as to ownership of the property involved or as to the location of the common boundary line, to support a claim for a declaration of interests under WIS. STAT. § 844.01. In sum, we do not discern, and Shirley does not identify, a cause of action under any legal theory based on the allegations in

the complaint. Accordingly, Shirley has failed to identify a claim on which relief can be granted based on the allegations in the complaint.

¶31 Shirley argues that, under *Perpignani*, 139 Wis. 2d 695, and *Soma*, 321 Wis. 2d 91, "a forced sale of land is a permissible remedy in an action relying on Wis. Stats. Ch. 844 and the court's equitable powers." However, as summarized above, in those two cases, the person claiming ownership of the disputed property sued the person encroaching on that property and the court exercised its equitable authority to provide relief under ch. 844 requiring the owner to sell the disputed property to the encroacher based on the circumstances in each case. In each of those two cases, the complaint stated a cause of action— for interference with a property interest in *Perpignani*, and for possession in *Soma*—which provided the court with the basis for ordering equitable relief under ch. 844. *See Perpignani*, 139 Wis. 2d at 736-7; *Soma*, 321 Wis. 2d 91, ¶1. Unlike in those two cases, the complaint here does not state a cause of action and, therefore, the circuit court did not have a basis for exercising its equitable authority under ch. 844.

¶32 We clarify that, while in both *Perpignani* and *Soma* the person claiming ownership of the disputed property sued the person encroaching on that property, we do not discern a rule in those cases that the person encroaching on another's property cannot sue the person claiming ownership of that property and trigger a remedy under WIS. STAT. ch. 844. *See* WIS. STAT. § 844.15(2) (providing that "[a] person claiming injury or interference who does not have possession, may bring an action under this chapter" against the person with right to possession). However, we do discern a rule in those cases that, regardless of whether the owner or the person encroaching on the owner's property is the plaintiff, the complaint must state a cause of action asserting injury to or

interference with the plaintiff's real property in order to give the court its equitable authority under chapter 844.

¶33    Because the complaint "lacks allegations amounting to a cause of action" under any legal theory, the default judgment must be set aside. *See Chetek*, 170 Wis. 2d at 523 ("Because we conclude that the bank's claim lacks allegations amounting to a cause of action for tortious waste, the default judgment against Barberg cannot stand.  Judgment reversed.").

## CONCLUSION

¶34    For the reasons stated, we conclude that the circuit court erroneously granted Shirley's motion for default judgment because her complaint fails to state a claim on which relief can be granted.  Accordingly, we reverse the default judgment and remand to the circuit court to dismiss the complaint based on the record in this case to date.

*By the Court.*—Judgment reversed and cause remanded with directions.

Not recommended for publication in the official reports.